IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL WAYNE OAK,

    Petitioner,                    No. 2:12-cv-2198 GGH P

    vs.

GARY SWARTHOUT, Warden, et al.,    ORDER

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2010 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. This is case is before the undersigned pursuant to petitioner's consent. Doc. 4.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862.  The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

In the instant case, petitioner contends there was insufficient evidence under the "some evidence" standard to deny him parole.  The bulk of the petition discusses the underlying evidence cited by the BPH in support of their decision.  As discussed above, this claim and the evidence used to support the "some evidence" standard cannot be reviewed by this court.  A review of the records attached to the petition indicates that petitioner was represented by counsel at the hearing and both petitioner and counsel were allowed to speak and contest the evidence.  Ultimately, petitioner has failed to present any cognizable claims that may be reviewed by the court so the petition is dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 5) is granted:

2. The motion to appoint counsel (Doc. 2) is denied as unnecessary.

3. This petition is denied for the reasons discussed above;

4. A certificate of appealability is not issued in this action.

DATED: September 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
oak2198.parole.scrnII